Leon WASHINGTON,
Petitioner–Appellant,

v.

Michael P. LANE, Warden, and Neil Hartigan, Attorney General of Illinois, Respondents–Appellees.

No. 86–2463.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 5, 1987.
Decided Feb. 9, 1988.

Lori S. Klingman, Glencoe, Ill., for petitioner-appellant.

Jack Donatelli, Asst. Ill. Atty. Gen., Chicago, Ill., for respondents-appellees.

Before CUMMINGS, RIPPLE and MANION, Circuit Judges.

PER CURIAM.

Petitioner Leon Washington, an inmate at the Menard Correctional Center in Illinois, filed a habeas corpus petition in the district court. The parties consented to have the matter heard by United States Magistrate Cohn. He denied the petition on August 7, 1986, and subsequently grant-

ed a certificate of probable cause pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. We affirm the magistrate's denial of Washington's habeas corpus petition.

On June 6, 1981, Washington fatally shot James Riordan, First Deputy Superintendent of the Chicago Police Department. The shooting occurred in a corridor of the Marina City restaurant in Chicago. Prior to Riordan's arrival at the restaurant that night, Washington had been harassing patrons in the bar area. When Riordan arrived, he and his companion, en route to the restaurant area, stopped in the lounge to talk to a married couple they knew. Washington approached the foursome, grabbed the wife, held a gun to her head and pulled the trigger three times. The gun merely clicked; it did not fire.

Riordan and the husband grabbed Washington and walked him away from the wife. Once away from the area, Riordan released Washington who thereupon entered the cloak room. When he emerged, Riordan attempted to escort him to the exit. In the corridor of the restaurant on the way out Riordan demanded Washington's gun and attempted to grab it. Washington pushed Riordan back and pulled the trigger four times. Unlike the earlier incident, this time the gun, apparently loaded in the cloak room, fired four bullets; three hit Riordan, two in the chest and one in the neck. He died from these bullet wounds shortly after midnight.

After a jury trial, Washington was found guilty of murder and sentenced to 35 years in prison. On appeal before the Appellate Court of Illinois Washington raised twelve points, all of which were rejected by that court. *People v. Washington*, 121 Ill.App. 3d 479, 76 Ill.Dec. 894, 459 N.E.2d 1029 (1st Dist.1984). In a thorough opinion, Justice O'Connor affirmed the judgment of the Circuit Court of Cook County.

Washington then sought leave to appeal in the Illinois Supreme Court. He abandoned ten of the twelve issues he had raised in the Appellate Court and raised only the following two before the Illinois

Supreme Court: (1) that the trial court refused an intoxication instruction even though there was allegedly some evidence to show that Washington was intoxicated, and (2) that in alleged violation of an Illinois statute Judge Bailey, whom Washington had substituted out of the case for bias, ruled on a subsequent motion to substitute out his replacement, Judge Mahon, for prejudice. The Supreme Court of Illinois denied the petition for leave to appeal on April 3, 1984.

Washington subsequently filed a habeas corpus petition in the district court. In his petition he raised the two issues he had raised before the Supreme Court of Illinois, but also revived the other ten issues that were decided against him by the Appellate Court of Illinois and that he had abandoned before the Illinois Supreme Court. After considering each of the twelve issues, the magistrate denied Washington's petition.

On appeal before this Court, Washington raises only four of the twelve issues: (1) whether the trial court should have granted a continuance in view of pretrial publicity in order to obtain an impartial jury; (2) whether Judge Bailey, substituted for bias, should not have been permitted to pass upon Washington's motion to substitute for bias Judge Mahon, who had succeeded Judge Bailey as the trial judge; (3) whether two jurors should have been excused for cause; and (4) whether prosecutorial misconduct prevented a fair trial.

*Forfeiture of Three of Four Issues Appealed*

█ Respondent Warden contends that Washington has forfeited federal habeas review of the last three of the four issues on appeal because he failed to present a federal constitutional claim in the state courts with respect to them. As to the second issue, on appeal in the state courts Washington's attack on Judge Mahon's bias and on Judge Bailey's refusal to substitute Judge Mahon rested on state statute and state court authority. The only

reference to a constitutional violation was a "see also" reference to some Supreme Court cases and was plainly insufficient to alert the Illinois appellate court to consider any federal constitutional error. Consequently that court decided the matter on state statute and Illinois case law and the issue is therefore foreclosed here.[1]

█ As to the third and fourth issues on appeal, Washington's arguments in state court did not invoke the federal constitution and the appellate court's decision on both issues rested solely on state law. *People v. Washington*, 121 Ill.App.3d 479, 76 Ill.Dec. 894, 900, 903, 459 N.E.2d 1029, 1035, 1038 (1984).

We conclude that Washington forfeited his right to present all but the first claim he attempts to raise on appeal because his other constitutional claims had not been presented to the state courts as required by *Anderson v. Harless*, 459 U.S. 4, 6–7, 103 S.Ct. 276, 277–278, 74 L.Ed.2d 3 (1982), *Picard v. Connor*, 404 U.S. 270, 275–276, 92 S.Ct. 509, 512–513, 30 L.Ed.2d 438 (1971), and *United States ex rel. Sullivan v. Fairman*, 731 F.2d 450, 453 (7th Cir. 1984). Moreover, since no cause and prejudice was shown for failure to present a federal constitutional question in state court except with respect to the continuance question, Washington waived the remaining three questions for federal habeas corpus consideration. *Nutall v. Greer*, 764 F.2d 462, 465 (7th Cir.1985).

█ In his brief, Washington initially contended that respondent had waived any forfeiture argument by failing to raise it in the district court. In his reply brief, Washington belatedly admits that respondent's forfeiture argument was raised in the district court. Washington nevertheless now contends that because the district court decided the case on the merits and did not rule on the forfeiture argument, we may not consider it in the absence of a cross-appeal. Such is not the law. It is well settled that an appellee may raise any

---

1. While we have no jurisdiction to consider this point, it would have been much better practice and would have avoided the appearance of impropriety if the Chief Judge of the Circuit Court of Cook County had appointed a non-substituted judge to consider Washington's motion to substitute Judge Mahon for bias.

grounds for affirmance without filing a cross-appeal. *Jordan v. Duff And Phelps, Inc.*, 815 F.2d 429, 439 (7th Cir.1987). The forfeiture argument is properly before us and we hold that Washington forfeited the last three issues.

### Failure to Award Continuance and Thus Obtain an Impartial Jury

■ The one issue remaining is whether Judge Mahon's failure to grant a continuance on account of pre-trial publicity prevented an impartial jury. Washington sufficiently asserted a constitutional ground as to this issue before the Appellate Court of Illinois, but, as noted *supra* at 444–445, he neglected to raise the issue before the Supreme Court of Illinois and thus forfeited the argument. But the State in turn neglected to raise this forfeiture as a defense before the district court.

The State's omission makes it appropriate for this Court to "take a fresh look at the issue." *Granberry v. Greer,* — U.S. ——, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987).[2] The objective of this "fresh look" is "to determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits" of Washington's claim. *Id.* To reach this determination we review the record.

The Appellate Court of Illinois held that no continuance was necessary because any potential prejudice from the pre-trial publicity could be and was eliminated through the voir dire. As the authoring justice stated:

In the instant case, the trial court questioned each of the prospective jurors thoroughly on *voir dire* as to their actual recollection of the pre-trial publicity, their ability to remain impartial and to render a verdict based solely on the evidence. The court excused three jurors for cause when they candidly admitted that they had already formed an opinion about the case. In *Irvin v. Dowd* [citation omitted], the Supreme Court of the United States recognized that "[t]o hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." [citation omitted].

*Washington,* 121 Ill.App.3d at 487, 76 Ill. Dec. at 901, 459 N.E.2d at 1036.

The court observed that the newspaper articles were primarily factual and appeared mostly in the first several days following the incident. It added that the trial judge had properly admonished the jury not to read any newspaper accounts or listen to radio or television accounts of the case, and required any juror inadvertently exposed to media coverage to convey that fact to the trial judge for further questioning. In view of these precautions and the voir dire, the state appellate court concluded that the trial judge did not abuse his discretion in allowing defendant's trial to proceed almost five months after his arraignment and therefore that the court had not deprived defendant of his right to an impartial jury.

In the district court, the magistrate held that the Appellate Court of Illinois had properly disposed of this matter and therefore rejected Washington's claim that there should have been a continuance to avoid a biased jury.

We agree with both the district court and the Appellate Court of Illinois that the denial of the motion for a continuance did not result in a denial of due process of law or

**2.** The petitioner in *Granberry* did not seek a writ of mandamus in the Illinois Supreme Court and therefore failed to exhaust his state remedies. In contrast, the petitioner in the present case did appeal his conviction to the Supreme Court of Illinois, but failed to present that Court with the issue of pre-trial publicity. Thus the defense the State failed to raise before the district court was that of forfeiture, not of failure to exhaust state remedies. Nevertheless, we find the analysis outlined in *Granberry* equally applicable. Cf. *Barerra v. Young,* 794 F.2d 1264, 1269 (7th Cir.1986).

in a partial jury. The record reveals that most of the news stories about the shooting ceased four days after it occurred, and that some of the articles even praised Washington's record. There simply was not the magnitude of community prejudice needed to overcome the jury's presumption of impartiality. *Dobbert v. Florida*, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). Similarly, the voir dire revealed that the publicity did not prejudice the prospective jurors, and indeed no juror was challenged for cause concerning pre-trial publicity. Each stated that he or she had not heard of the case or heard of it only briefly at the time of the shooting. They further stated that they had not formed an opinion as to Washington's guilt or innocence, and that they would base their finding on the evidence. In addition, each was admonished not to read any newspaper accounts or listen to radio or television coverage about the case. Finally, the trial did not take place until almost five months after the media coverage of the shooting, thus dissipating any possible community prejudice. The failure to grant a continuance did not deny Washington due process or an impartial jury.

From our review, it is perfectly clear that Washington has failed to raise even a colorable federal claim. Therefore, "the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served" by the district court's denial of the habeas petition on the merits and this Court's affirmance of that judgment. *Granberry*, 107 S.Ct. at 1675.

Judgment affirmed.