**Richard E. SERVER,
Plaintiff–Appellant,**

v.

**Larry MIZELL, Defendant–Appellee.**

No. 89–1258.

United States Court of Appeals,
Seventh Circuit.

Submitted April 11, 1990.*

Decided May 21, 1990.

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

Richard E. Server, Vienna, Ill., for petitioner-appellant.

Douglas K. Smith, Asst. Atty. Gen., Crim. Appeals Div., Springfield, Ill., for respondent-appellee.

Before WOOD, Jr., FLAUM, and KANNE, Circuit Judges.

KANNE, Circuit Judge.

This appeal from a denial of a habeas corpus petition brought pursuant to 28 U.S.C. § 2254 presents a challenge to the facial validity of the Illinois aggravated criminal sexual assault statute, Ill.Rev. Stat., ch. 38, ¶ 12–14, and the aggravated criminal sexual abuse statute, Ill.Rev.Stat., ch. 38, ¶ 12–16, which were enacted in 1985. We hold that the statutes, as construed by the state courts, are not unconstitutionally vague within the meaning of the Due Process Clause of the Fourteenth Amendment. *Pro se* petitioner Richard Server's other arguments regarding instructional error and the improper admission of expert testimony lack merit. Accordingly we affirm the judgment of Magistrate Frazier denying the writ.

Server, a lawyer and former assistant state's attorney, was charged with sexually abusing his nine-year-old stepdaughter during overnight visits at his home after separating from his now ex-wife. At trial, the girl testified in detail how Server performed cunnilingus and digital insertion into her sexual organs, and fondled her during these visits. Three witnesses corroborated the girl's story including her mother, an examining pediatrician and an expert witness on rape trauma syndrome and the post-abuse behavior of children.

On July 1, 1985, Server was convicted by a jury of one count of aggravated criminal sexual assault and two counts of aggravated criminal sexual abuse. The trial court entered judgment on Count I (aggravated sexual assault) and Counts II and III (aggravated criminal sexual abuse) which the court found to have merged. Server was sentenced to eight years of imprisonment for the aggravated criminal sexual assault count and three years for the aggravated criminal sexual abuse counts, the sentences to run concurrently. The Appellate Court of Illinois affirmed the conviction, *People*

*v. Server*, 148 Ill.App.3d 888, 102 Ill.Dec. 239, 499 N.E.2d 1019 (1986), and both the Supreme Court of Illinois, *People v. Server*, 114 Ill.2d 555, 108 Ill.Dec. 423, 508 N.E.2d 734 (1987), and the Supreme Court of the United States declined review. *Server v. Illinois*, 484 U.S. 842, 108 S.Ct. 131, 98 L.Ed.2d 88 (1987). After Server filed his petition for habeas corpus, both parties consented to trial by a magistrate pursuant to 28 U.S.C. § 636(c). After a hearing, Magistrate Frazier denied the petition holding that the statutes are not unconstitutionally vague and that Server's claims of procedural error at his state court trial did not amount to fundamental unfairness.

■ On appeal, Server argues that the aggravated criminal sexual assault statute, Ill.Rev.Stat., ch. 38, ¶ 12–14, is unconstitutionally vague in that it is indistinguishable from the lesser offense of aggravated criminal sexual abuse, Ill.Rev.Stat., ch. 38, ¶ 12–16. Aggravated criminal sexual assault requires an act of "sexual penetration" which is defined as:

[A]ny contact, however slight, between the sex organ of one person and the sex organ, mouth or anus of another person, or any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including but not limited to cunnilingus, fellatio or anal penetration.

Ill.Rev.Stat., ch. 38, ¶ 12–12(f). The lesser offense of aggravated criminal sexual abuse occurs when an offender commits an act of "sexual conduct," which is defined as:

[A]ny intentional or knowing touching or fondling by the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, for the purpose of sexual gratification or arousal of the victim or the accused.

Ill.Rev.Stat., ch. 38, ¶ 12–12(e). When the accused is over seventeen years old and the victim is under thirteen years old, as in this case, an act of sexual penetration is a Class X felony, Ill.Rev.Stat., ch. 38, ¶ 12–14(d),

which carries a sentence of not less than six years and not more than thirty years. Ill.Rev.Stat., ch. 38, ¶ 1005–8–1(3). An act of sexual conduct is a Class 2 felony, Ill. Rev.Stat., ch. 38, ¶ 12–16(g), and carries a sentence of not less than three years and not more than seven years. Ill.Rev.Stat., ch. 38, ¶ 1005–8–1(5).

■ "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citations omitted); *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298, 33 L.Ed.2d 222 (1972); *United States ex rel. Fitzgerald v. Jordan*, 747 F.2d 1120 (7th Cir.1984), *cert. denied*, 471 U.S. 1056, 105 S.Ct. 2120, 85 L.Ed.2d 484 (1985). This fair warning principle is fundamental to our concept of constitutional liberty. *Marks v. United States*, 430 U.S. 188, 191, 97 S.Ct. 990, 992, 51 L.Ed.2d 260 (1977). The underlying principle is that no person shall be held criminally responsible for conduct which one could not reasonably understand to be proscribed. *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 811, 98 L.Ed. 989 (1954). To succeed in his claim that the statute fails to give fair notice, that prosecutors can discriminate against defendants, and that trial courts and juries can confuse the two statutes, Server must demonstrate that the law is impermissibly vague in all of its applications. *See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982).

The definitions of sexual penetration and sexual conduct cover closely related, but clearly distinct, conduct. Sexual penetration involves a physical contact between the sex organ of one person and the sex organ, mouth or anus of another, or an actual intrusion into the sexual organ or anus of the victim. Sexual conduct on the other hand requires only a touching or fondling of the sex organ, anus or breast of

the victim and may be done with the hands or any part of the body of the accused. *People v. Terrell,* 132 Ill.2d 178, 138 Ill. Dec. 176, 189, 547 N.E.2d 145, 158 (1989). For example at Server's trial, the acts of cunnilingus and digital insertion were properly regarded as sexual penetration, while touching the girl's breasts was considered sexual conduct. Although the distinction between such acts may be a fine one in some cases, the definitions are not so imprecise that they fail to give sufficient notice of the proscribed acts. For this same reason, the statutes will not lead to discriminatory or arbitrary application by prosecutors, trial courts or juries.

■ Server also argues that section 12–14 is unconstitutionally vague because it punishes sexual penetration, which does not require a specific mental state, more severely than sexual conduct, which requires that the touching or fondling be either "intentional or knowing" and "for the purpose of sexual gratification or arousal of the victim or the accused." Ill. Rev.Stat., ch. 38, ¶ 12–12(e). In evaluating this facial challenge to the statute, we must consider any limiting construction that the Illinois state courts have proffered. *See Hoffman Estates,* 455 U.S. at 494 n. 5, 102 S.Ct. at 1191 n. 5. The Supreme Court of Illinois has held that the Illinois legislature did not intend the aggravated criminal sexual assault statute to define a strict liability or public welfare offense, and therefore a mental state of either intent or knowledge is implicitly required for sexual penetration to occur. *Terrell,* 138 Ill.Dec. at 189, 547 N.E.2d at 158 (citing Ill.Rev.Stat., ch. 38 ¶¶ 4–3, 4–4, 4–5, 4–6, 4–9); *People v. Burmeister,* 147 Ill.App.3d 218, 100 Ill.Dec. 850, 497 N.E.2d 1212 (1986); see *Hoffman Estates,* 455 U.S. at 500, 102 S.Ct. at 1194 (scienter requirement may mitigate the vagueness of a law). Given that the same mental state is required for both statutes and that more serious conduct is required for aggravated criminal sexual assault, we hold that section 12–14, as construed by the Supreme Court of Illinois, does not set up an unconstitutional anomaly between the more serious offense of aggravated criminal sexual assault and the lesser offense of aggravated criminal sexual abuse.

■ Next, Server contends that the jury instructions used at his trial improperly shifted the burden of proof to him. Server failed to raise this issue before the Appellate Court of Illinois or the Supreme Court of Illinois and thus forfeited the argument. Although the State contends that Server failed to raise any argument regarding the jury instructions until his reply brief in the district court, Server in fact raised this issue in his section 2254 petition and his accompanying brief. The State neglected to raise Server's forfeiture as a defense before the district court, and raises the issue for the first time on appeal.

In *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987), the Supreme Court decided whether the state's failure to raise nonexhaustion in the district court constituted a waiver of that defense in the court of appeals. The Court stated that:

> [t]he State's omission in such a case makes it appropriate for the court of appeals to take a fresh look at the issue. The court should determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim.
>
> .... [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney generals, the state courts, and the federal courts will all be well served even if the State fails to raise the exhaustion defense, [if] the district court denies the habeas petition, and the court of appeals affirms the judgment of the district court forthwith.

*Id.* at 134–135, 107 S.Ct. at 1675–1676. This non-exhaustion analysis applies equally to a petitioner who has forfeited a claim by failing to raise it during state court proceedings. *Henderson v. Thieret,* 859 F.2d 492, 497 (7th Cir.1988), *cert. denied,*

— U.S. ——, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989); *Washington v. Lane*, 840 F.2d 443, 446 n. 2 (7th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 157, 102 L.Ed.2d 128 (1988). The interests of federalism and comity here persuade us to address Server's claim.

Server argues that the unconstitutionally vague language from the statute was included in the instructions and shifted the burden of proof to the defendant. Having already held that the statute was not unconstitutionally vague, we reject the contention that the instructions were improper merely because they tracked the language of the statute. The instructions clearly distinguished between the requirements for sexual penetration and sexual conduct.

■ Server also contends that the use of the term "victim" in the instructions was improper because that word implied to the jury that a crime had already taken place.[1] No logical argument can be made that the mere use of the term "victim" somehow shifted the burden of proof. The word "victim" was taken directly from the language of the statute, which used the term because it is gender neutral. Jaffe and Becker, *Four New Basic Sex Offenses: A Fundamental Shift in Emphasis*, 72 Ill. B.J. 400, 403 (1984). The wording of the instructions merely posits that if an act of sexual conduct or sexual penetration occurred, it must have been perpetrated on a victim. The same can be said for the instructions which name Server's stepdaughter. In any case, other instructions clearly stated that "the state must prove" that the defendant committed such acts. From our review, it is clear that Server has failed to raise even a colorable federal claim regarding instructional error.

■ Finally, Server argues that the trial court improperly admitted the testimony of two State expert witnesses. The first expert was a pediatrician who had examined the girl after the assault. He testified that an enlarged hymenal opening in a nine-year-old girl is consistent with sexual abuse. Server's expert witness, a gynecologist, contradicted this assertion. The pediatrician also read a statement from his medical history in which he quoted the girl as saying that her stepfather put her in his bed on two occasions and "licked her boobs, stomach, and private parts, [and] put his finger inside her privates." In defense, Server testified that the girl's conduct after the incident was inconsistent with her claim of having been sexually assaulted. In rebuttal, a second expert testified on the subject of rape trauma syndrome and the post-abuse behavior of children. She stated that the girl's post-abuse actions were not inconsistent with the behavior of known child abuse victims.

■ Because the admissibility of evidence in state court is a matter of state law, evidentiary questions are not subject to federal review under § 2254 unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right. *United States ex rel. Foster v. DeRobertis*, 741 F.2d 1007, 1014 (7th Cir. 1984), *cert. denied*, 469 U.S. 1193, 105 S.Ct. 972, 83 L.Ed.2d 975 (1985). After carefully considering each of the experts' credentials, the trial judge properly limited the jury's consideration of their testimony. Immediately after the pediatrician read from his medical history report, the court instructed the jury to consider the statement only as it related to the doctor's diagnosis of sexual assault. Regarding the rape trauma syndrome expert, the court limited the area of inquiry to rebuttal of the defense's case and specifically prevented the State from eliciting any response that would constitute an opinion on the believability of the victim's testimony. The experts' testimony was not so prejudicial as to engender fundamental unfairness in Server's trial in violation of the Fourteenth Amendment, nor did it violate any specific constitutional right.

---

**1.** For example, Instruction 13 read: "[t]he term 'Sexual conduct' means any intentional or knowing touching or fondling by the accused, either directly or through clothing of the sex organ or breast of the *victim* for the purpose of sexual gratification or arousal of the *victim* or the accused." (Emphasis added).

For these reasons, the judgment of the magistrate denying the petition for habeas corpus is

AFFIRMED.