928 F.2d 1135
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert HOGLE, Petitioner-Appellant,
v.
Jack R. DUCKWORTH, Warden and Attorney General of the State
of Indiana, Respondents-Appellees.
 No. 89-1835.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1991.*
Decided March 25, 1991.
 
 Appeal from the United States District Court for the Northern District of Indiana, South Bend Division, No. 88 C 604, Chief Judge, Allen Sharp.
 N.D.Ind.
 AFFIRMED.
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Pro se petitioner Robert Hogle appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. A jury in Marion, Indiana convicted Hogle on five counts of child molesting, and the trial judge sentenced him to 16 years in prison. On appeal he challenges the sufficiency of the evidence at trial and several evidentiary matters. We affirm.
 
 
 2
 Hogle shoulders a heavy burden to obtain the grant of a writ on a sufficiency of the evidence claim, especially when it turns upon the jury's credibility determination. The question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 Kevin, the victim and 14-year-old neighbor of Hogle, testified at trial to the following events. On December 22, 1986, Hogle's daughter Cheryl was babysitting for Kevin at Hogle's home. At Hogle's request, Cheryl went to the store. He then told Kevin that he wanted to buy him a pair of pants. Hogle told Kevin to pull down his pants so that he could take the proper measurements. Once the pants were down, Hogle pulled down Kevin's underwear, touched his penis and performed fellatio. Kevin refused to touch Hogle's penis or engage in the same act. Hogle warned Kevin to say nothing to his parents.
 
 
 4
 The next day Hogle was alone with Kevin and again asked to measure his waist. Once the pants were off, Hogle again touched Kevin's penis and performed fellatio. Again Kevin refused to do likewise. Hogle then told Kevin to lie face down on the bed and engaged in anal sex. Kevin complained of pain and Hogle stopped.
 
 
 5
 Also at the trial, a paperboy testified that Hogle had tried the same "pants" routine with him. Hogle's stepdaughter from a former marriage testified that Hogle had had sexual intercourse with her starting at the age of five and that he had forced her to engage in sex acts with her mother and the family dog. The ex-wife also testified. Finally, the trial court admitted into evidence a photograph of Hogle receiving fellatio from an 18-year-old man. This evidence, particularly Kevin's detailed testimony, speaks for itself and was sufficient to convict Hogle of child molesting.
 
 
 6
 Hogle argues that the state did not prove that he was over 16 years old as required by the child molesting statute. See Ind.Code 35-42-4-3(c) and (d). Aside from the fact that Hogle was 61-years-old at the time of trial making any error harmless, he has procedurally defaulted on this claim by failing to present it to the state court. Because he has made no showing of cause or prejudice, it is waived.
 
 
 7
 Hogle also raises a number of evidentiary questions. Because the admissibility of evidence in state court is a matter of state law, evidentiary questions are not subject to federal review under section 2254 unless there is a denial of fundamental fairness or the denial of a specific constitutional right. Server v. Mizell, 902 F.2d 611, 615 (7th Cir.1990). Regarding Hogle's request for Kevin's counseling records, the trial court reviewed the records in camera and determined that they were immaterial. As the state appellate court noted, Hogle failed to attach any transcript of these proceedings, making review of the trial court's decision impossible. He has failed to meet his burden of proof. Due process was not denied.
 
 
 8
 Hogle argues that admission of the picture was unfair because it showed a consensual sexual act between adults. True enough, but the trial court admitted the picture because it was similar to the charged act under the depraved instinct rule. In Indiana past sexual acts are admissible to show a common scheme. Grey v. State, 404 N.E.2d 1348, 1353 (Ind.Sup.Ct.1980). The photograph corroborated Hogle's penchant for having oral sex with young men. See Jarrett v. State, 465 N.E.2d 1097, 1100 (Ind.1984). Likewise the admission of testimony by the paperboy, the step-daughter and ex-wife all showed, with various shadings, a perverted and seemingly lifelong "common scheme." The fact that these events took place one year or twenty years before the charged offense is irrelevant. None of these evidentiary matters rendered Hogle's trial fundamentally unfair.
 
 
 9
 The decision of the district court denying the petition for a writ of habeas corpus is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App. P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record