931 F.2d 58
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ivy TUCKER, Petitioner-Appellant,
v.
James P. MURPHY, Respondent-Appellee.
 No. 90-2418.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 3, 1991.*
Decided April 18, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-appellant Ivy Tucker appeals the denial of his petition for writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. A jury convicted Tucker of one count of attempted first degree murder, party to a crime, in violation of Secs. 940.01(1), 939.32(1) and 939.05, Wis.Stats., and one count of armed robbery, party to a crime, in violations of Secs. 943.32(1) and 939.05(1), Wis.Stats. In his petition Tucker alleged several constitutional violations which he contends occurred both during the trial and at sentencing.
 
 A. THE SENTENCE
 
 2
 On appeal, the respondents contend that any claims Tucker may have concerning sentencing are procedurally defaulted based on a waiver found by the Wisconsin Court of Appeals. Although the State raised this defense in its answer to Tucker's petition, the district court declined to rule on the default and, instead, reached the merits. We agree with the respondent that Tucker procedurally defaulted on this claim.
 
 
 3
 Tucker brought several motions for post-conviction relief seeking the modification of his sentence. On January 11, 1984, Tucker brought such a motion claiming that his sentence was based on constitutionally defective juvenile adjudications.[1] The Wisconsin Circuit Court denied the motion, and Tucker appealed. The Wisconsin Court of Appeals held that pursuant to Wisconsin law, Tucker could have, but failed to raise this issue in prior post-conviction motions. Therefore, he waived the claim. No other grounds were relied upon by the state appellate court. This forfeiture in state court satisfies the independent-and-adequate-state-ground doctrine and forecloses review in the federal courts. See Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038 (1989); Prihoda v. McCaughtry, 910 F.2d 1379 (7th Cir.1990). Tucker has not attempted to demonstrate cause and prejudice for his failure; therefore, this claim is barred.
 
 
 4
 B. FAILURE TO DISCLOSE IDENTITY OF ALIBI REBUTTAL WITNESS
 
 
 5
 Tucker also alleges that he was denied a fair trial because the prosecution failed to disclose the identity of a rebuttal witness, George Wigman, who placed him at the scene of the crime to rebut his alibi defense.[2] The respondent does not deny that the state had a duty to disclose the identity of this witness.[3] The respondent again argues to this court that Tucker procedurally defaulted this issue based on a state procedural bar. However, the respondent failed to raise the question of procedural default on this issue before the district court. Because of this, the petitioner never had an adequate opportunity to show cause and prejudice for the alleged default.
 
 
 6
 The state's omission makes it appropriate for the Court to "take a fresh look at the issue." Granberry v. Greer, 481 U.S. 129, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). The objective of this "fresh look" is "to determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits" of [the] claim. Id. To reach this determination we review the record.
 
 
 7
 Washington v. Lane, 840 F.2d 443, 446 (7th Cir.1988), cert. denied, 488 U.S. 861, 109 S.Ct. 157 (1988).
 
 The district court held:
 
 8
 Despite the 'surprise,' Mr. Wigman was thoroughly cross-examined by defense counsel. From my review of the record, it appears that Mr. Wigman's ability to place the defendant at the scene, his recall, and his credibility were squarely placed before the jury."
 
 
 9
 The district court also found that Mr. Wigman was not the only witness to place Tucker at the scene of the crime. As such, the state's error did not deprive Tucker of a fair trial. Our review of the record leads us to the same conclusion. The state's failure to disclose this rebuttal witness was harmless error.
 
 
 10
 C. FAILURE TO DISCLOSE THE STATEMENT OF WITNESS
 
 
 11
 Tucker's final contention is that the prosecution failed to turn over a potentially exculpatory statement made by witness Phillip Kidd to Racine County police officers. In his statement to the police, Kidd stated that Tucker carried a .38-caliber handgun into the bar. At trial, Kidd testified that Tucker carried a .22-caliber gun. The respondent concedes that because this inconsistent statement could have been used for impeachment purposes, affecting the credibility of Kidd's testimony, the state had a duty to disclose the statement. However, the respondent maintains that failure to turn over the statement was harmless error because the evidence would not create a reasonable doubt that otherwise did not exist about the defendant's guilt.
 
 
 12
 A review of the record reveals that Kidd initially made a statement which exculpated Tucker in this crime. On cross-examination, Kidd admitted making the statement exculpating Tucker. However, at trial Kidd stated that this version of facts was not true. This cross-examination thoroughly attacked Kidd's credibility. We agree that additional impeachment concerning which gun Tucker carried would have little impact on the issue of Kidd's credibility.[4] The state's failure to turn over this inconsistent statement is not prejudicial error.
 
 
 13
 The district court's decision denying the petition for a writ of habeas corpus is
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 On a previous motion Tucker successfully argued for the modification of his sentence based on incorrect information about his juvenile record which was contained in his presentence report. Racine County Circuit Court Judge Kessler agreed and reduced Tucker's sentence on the attempted first degree murder conviction from 21 years to 18 years
 
 
 [2]
 Tucker also complains that the identity of a second witness, Daniel Peterson, was undisclosed. Tucker failed to allege this in his petition to the district court. Therefore, this argument is waived
 
 
 [3]
 This disclosure is required under Secs. 971.23(7) and 971.23(8)(d), Wis.Stats. and Wardius v. Oregon, 412 U.S. 470, 472 (1973)
 
 
 [4]
 The trial transcripts also reveal that there were two guns involved in this crime carried by two different assailants. Except for impeachment purposes, this testimony would have little relevance because Tucker was convicted under Wisconsin's "party to a crime" statute