962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James P. DUNCAN, Petitioner-Appellant,
v.
Robert BRONNENBERG and Indiana Attorney General,
Respondents-Appellees.
 No. 90-3156.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided April 30, 1992.
Rehearing Denied Aug. 10, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James P. Duncan appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Duncan alleges that errors of constitutional magnitude contributed to his 1978 convictions, following a jury trial, for the possession of burglary tools by a felon and for violating Indiana's habitual offender statute. Duncan was sentenced to life imprisonment.[1]
 
 
 2
 Several challenges to the 1978 convictions concern evidentiary rulings made by the Indiana courts. Duncan complains that the trial court improperly admitted evidence both of a previous conviction and of uncharged criminal conduct. He also claims error in the use of the same previous conviction as evidence both for the principle charge of being a felon in possession of burglary tools and for the habitual offender charge. Duncan further raises several claims challenging the constitutionality of the felon in possession statute, which was repealed prior to his conviction. Thus, he argues that he was improperly convicted for conduct which, under Indiana law, was not criminal.
 
 I. STATE EVIDENTIARY RULINGS
 
 3
 Duncan raises three issues involving questions of state law evidentiary rulings. State court evidentiary rulings "will rarely serve as a proper basis for granting a writ of habeas corpus." Haas v. Abrahamson, 910 F.2d 384, 389 (7th Cir.1990). Because "[w]e do not sit as a super state supreme court," we will not review state appellate courts' interpretation of state law. Brewer v. Aiken, 935 F.2d 850, 855 (7th Cir.1991). See also Stomner v. Kolb, 903 F.2d 1123, 1128 (7th Cir.1990). Thus, we will not review state evidentiary rulings unless a petitioner can demonstrate that "there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." Stomner, 903 F.2d at 1128 (quoting United States ex rel. DiGiacomo v. Franzen. 680 F.2d 515, 517 (7th Cir.1982)).
 
 
 4
 The Indiana Supreme Court thoroughly reviewed the evidentiary rulings challenged by Duncan. The Indiana Supreme Court noted that admission of the prior felony was necessary because it is an element to the offense of possession of burglary tools by a felon.[2] The court also found that the evidence of the uncharged conduct was admissible because it was used to demonstrate a "common scheme or plan" which is an exception the Indiana ban on such evidence. Duncan v. State, 409 N.E.2d at 601.[3] Even were we to consider the admission of this evidence to be error, "[t]he introduction of improper evidence of other crimes will not support a grant of the petitioner's writ of habeas corpus." Stomner, 903 F.2d at 1129. Duncan has failed to show that these state evidentiary rulings denied him of a fundamentally fair trial or resulted in the denial of a specific constitutional right.
 
 
 5
 Both the felon in possession statute and the habitual offender statute require proof of prior felony conviction(s). Duncan claims that the state erred by introducing evidence of the same prior conviction as evidence to support both charges. Once again, Duncan challenges a state evidentiary ruling.[4] He has not cited any case law prohibiting the introduction of the same prior conviction where both the principle charge and an enhancement count require such proof as an element of the offense. Indeed, this court has recognized that the use of the same "prior convictions at more than one habitual offender proceeding does not constitute double jeopardy." Denton v. Duckworth, 873 F.2d 144, 147 (7th Cir.1989) (quoting Durham v. State, 464 N.E.2d 321, 325 (Ind.1984)). We find no error in the dual use of this piece of evidence.
 
 II. INDIANA CODE § 35-13-8-1
 
 6
 Duncan raises three challenges to Ind.Code § 35-13-8-1, prohibiting the possession of burglary tools by a felon.[5] First, he claims that the statute unconstitutionally creates a "status offense," punishing individuals for their status as "felons." This classification, Duncan further argues, creates an unconstitutional statutory presumption. The Indiana Supreme Court held that the legislature could reasonably differentiate between felons and nonfelons. Duncan, 409 N.E.2d at 600. This court has upheld statutes containing similar classifications. See United States v. Bruder, 945 F.2d 167, 170 (7th Cir.1991) (recognizing that 18 U.S.C. § 922(g), prohibiting the possession of weapons by felons, is intended to prevent firearm ownership by 'unreliable' persons); Faheem-El v. Klincar, 841 F.2d 712 (7th Cir.1988) (upholding Illinois statute denying bail hearing to those with the status of "parolee" accused of committing new crime until after final parole revocation hearing). There are rational reasons for the Indiana legislature to prohibit felons from possessing burglary tools. Further the statute only bans possession with the intent to commit a burglary. Thus, this statute does not punish individuals solely due to their status as felons.
 
 
 7
 Duncan also complains that the statute is constitutionally vague, as it does not define "burglary tools." "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Server v. Mizell, 902 F.2d 611, 613 (7th Cir.1990) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)). The Indiana Supreme Court noted that although the statute did not list the type of items considered to be burglary tools, the meaning is apparent. Burglary tools are those tools which facilitate the breaking and entering of a vehicle or structure. In addition, the court noted that the statute did not prohibit the possession of these tools alone, but linked such possession with the intent to burglarize. This court has noted that a "scienter requirement may mitigate the vagueness of a law." Server, 902 F.2d at 614 (citing Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 500 (1982)). We agree with the Indiana Supreme Court that this statute is not constitutionally vague.
 
 
 8
 Finally, the petitioner challenges the ability of the Indiana courts to convict him of an offense when the criminal statute has been repealed before his conviction.[6] In 1976, the Indiana legislature voted to repeal the penal code and to enact a new code. The repeal and re-enactment became effective on October 1, 1977. However, § 35-13-8-1 was not re-enacted.
 
 
 9
 The events that formed the basis of these criminal proceedings occurred on August 17, 1977. The state filed an information against Duncan on the same day, charging him with the violation of § 35-13-8-1. On January 12, 1978, pursuant to Duncan's motion challenging the legal sufficiency of information, the Indiana state court dismissed the charges against Duncan. The government simultaneously refiled the information with additional supporting document, which cured the prior defects.
 
 
 10
 Duncan appears to challenge the state court's authority to refile charges against him and convict him for conduct that is no longer prohibited by the criminal code. However, he points out that the legislature enacted a "savings clause" which provided that offenses committed before the effective date should be prosecuted under the "old code."[7] Duncan does not challenge the legitimacy of the savings clause, which the Indiana Supreme Court recognized as a valid in Brandon v. State, 396 N.E.2d 365 (Ind.1979).
 
 
 11
 Duncan also appears to challenge the legislature's authority to delay the effective date for the repeal of a criminal statute. In support of his argument, Duncan only cites to United States v. Duprey, 895 F.2d 303 (7th Cir.1989), in which this court refused to retroactively apply an amendment to a federal sentencing statute because Congress had expressly delayed the effective date. Duprey does not help Duncan. Instead, it demonstrates the validity of legislative enactments with prospective effective dates. The state committed no constitutional error by prosecuting Duncan under this statute.
 
 
 12
 For the foregoing reasons, the decision of the district court is
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Agrument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Duncan was also convicted of one count of conspiracy to commit a felony and a second count of violating the habitual offender statute. He was originally sentenced to two terms of life imprisonment. However, on direct criminal appeal, the Indiana Supreme Court reversed these convictions and vacated one term of life imprisonment. Duncan v. State, 409 N.E.2d 597 (Ind.1980)
 
 
 [2]
 The Indiana court reversed Duncan's conviction for conspiracy to commit a burglary because it found that the two substantive charges should have been severed. Unlike the possession charge for which proof of a prior conviction was an element of the offense, the court held that this evidence was irrelevant to the conspiracy charge and "was error having a substantial potential for harm." Duncan v. State, 409 N.E.2d at 600. Thus, the Indiana Supreme Court reversed Duncan's conspiracy conviction based on the admission of the prior conviction
 
 
 [3]
 The state called Duncan's accomplice as a witness. He testified that one week prior to their arrest on these charges, he and Duncan had burglarized another store in a similar manner
 
 
 [4]
 We note that Duncan raised this issue in his state petition for post-conviction relief. The Indiana Supreme Court held that Duncan waived all claims presented in the petition by failing to raise them upon direct appeal. Duncan v. State, 514 N.E.2d 1252 (Ind.1987). Thus, the respondent could have argued that, absent a showing of cause and prejudice, this state procedural bar precludes federal review of his claim. Coleman v. Thompson, 111 S.Ct. 2546 (1991). The state's lawyers "have, as so often before, waived waiver." Fagan v. Washington, 942 F.2d 1155, 1157 (7th Cir.1991)
 
 
 [5]
 Ind.Code § 35-13-8-1 provided:
 If any person previously convicted of a felony be found having in his possession any burglary tools or implements with intent to commit the crime of burglary, such person shall be deemed guilty of a felony, and on conviction thereof shall be imprisoned not less than two (2) years not more than fourteen (14) years, and the possession of such tools or implements shall be prima facie evidence of the intent to commit burglary. (repealed 1976 Ind.Acts, Pub.L. No. 148, § 24, effective October 1, 1977).
 
 
 [6]
 Duncan raised this issue in his original petition, though his argument was not very well developed. Following the district court's denial of relief, Duncan filed a motion for rehearing. He explained that he was unable to reply to the state's response because he was placed in segregation, limiting his access to the prison's law library. The district court set aside its previous order, allowing the petitioner time to reply. In his reply, the petitioner fleshed out his argument in reference to the repeal of the statute. The court considered Duncan's reply, but reinstated its earlier denial of the petition
 Our review of the record indicates that Duncan never raised this issue to the Indiana state courts. Under Indiana law, because Duncan failed to raise this issue in the proper forum, direct appeal, Indiana courts would consider the claim to be waived. Thus, although Duncan has exhausted his state remedies, he has procedurally defaulted on this claim. In fact, the respondents have completely failed to address this issue. Once again, the appellees have waived waiver. Fagan, 942 F.2d at 1157.
 
 
 [7]
 The saving clause, 1977 Ind.Acts, P.L. 340, § 150, provided:
 (a) Neither this act not Acts 1976, P.L. 148 affects:
 (1) rights or liabilities accrued;
 (2) penalties incurred; or
 (3) proceedings begun;
 before October 1, 1977. Those rights, liabilities, and proceedings are continued, and penalties shall be imposed nd enforced as if this act and Acts 1976, P.L. 148 had not been enacted.
 (b) An offense committed before October 1, 1977, under a law repealed by Acts 1976, P.L. 148 shall be prosecuted and remains punishable under the repealed law.
 (c) Notwithstanding subsections (a) and (b) of this section, a defense available under IC 35-41-3 is available to any defendant tried or retried after September 30, 1977.