Ricky L. SWEENEY, Petitioner,

v.

Judy SMITH, Respondent.

No. 97–C–1179.

United States District Court,
E.D. Wisconsin.

June 12, 1998.

Ricky L. Sweeney, Oshkosh, WI, pro se.

### DECISION AND ORDER

GORDON, District Judge.

This pro se habeas corpus petition comes before me upon the recommendation of Magistrate Judge Goodstein to deny the petition. The petitioner, Ricky L. Sweeney, is incarcerated at the Oshkosh Correctional Institution. He was convicted on three counts of first degree sexual assault of a child on August 3, 1995, and he appealed those convictions to the Wisconsin court of appeals, which affirmed. The Wisconsin supreme court de-nied Mr. Sweeney's petition for review on February 18, 1997. He subsequently filed this petition on November 10, 1997.

Mr. Sweeney asserts three grounds for relief: (1) that the Wisconsin statutes under which he was convicted violated his constitutional rights because "Wisconsin has made sexual contact and sexual intercourse the same act" when these acts are "distinct separate offenses ... requiring separate punishments"; (2) that the statutes under which he was convicted are ambiguous; and (3) that the statutes violate the Supremacy Clause of the United States Constitution.

This initial review of Mr. Sweeney's petition is pursuant to Rule 4, Rules Governing Section 2254 Cases, which directs the court to determine if "it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief in the district court." A habeas corpus petition must survive a Rule 4 analysis before the court can order the respondent to reply. The court is to give Mr. Sweeney's pro se petition, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Vanskike v. Peters,* 974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

In his Rule 4 review, Magistrate Judge Goodstein concluded that there is nothing in Mr. Sweeney's petition that should require the respondent to reply and recommended that I deny the petition. A party wishing to file an objection to a magistrate judge's recommendation may do so if the objection is filed within ten days after service of the recommendation and if the party serves such written objections "identifying the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection." 28 U.S.C. § 636(b)(1) and Local Rule 13.03(c). The court to whom the recommendation is made "shall make a de novo determination of those portions of the report to which objection is made." 28 U.S.C. § 636(b)(1).

Mr. Sweeney filed a timely objection to the magistrate judge's recommendation. His objection, however, does not address the merits of the recommendation; instead he merely

argues that the court could better resolve the issues if the parties were allowed to brief the issues fully. There is no reason for a full briefing, though, if on the face of his petition, Mr. Sweeney is not entitled to relief.

Although he never explicitly says so, Mr. Sweeney's first argument appears to be based on the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense." *Department of Revenue v. Kurth Ranch*, 511 U.S. 767, 769 n. 1, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

The statute under which Mr. Sweeney was convicted, Wis. Stat. § 948.02(1), defines first degree sexual assault of a child as "sexual contact or sexual intercourse with a person who has not attained the age of 13 years." He claims that "sexual contact" is a lesser included offense of "sexual intercourse" and should be a separate punishment. I agree with the magistrate judge that Mr. Sweeney misunderstands the protections of the Double Jeopardy Clause. That clause forbids a person from undergoing more than one punishment for the same offense; it does not forbid a state from assigning the same punishment for one of two different acts, namely sexual contact *or* sexual intercourse with a child.

Magistrate Judge Goodstein was also correct when he pointed out that "sexual contact" is not a lesser included offense of "sexual intercourse." A crime is not a lesser included offense of another crime, for purposes of a double jeopardy analysis, if each of the offenses contain an element not contained in the other offense. *United States v. Dixon*, 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Kurzawa v. Jordan*, 146 F.3d 435, 438 (7th Cir.1998). "Sexual contact," as defined by the statute, requires that the perpetrator intentionally touch, ejaculate, urinate, or defecate on the victim with the "purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." *Wis.*

*Stat.* § 948.01(5)(a)-(b). The definition of "sexual intercourse" does not have the same intent requirement, but it does have the unique requirement of "vulvar penetration as well as cunnilingus, fellatio or anal intercourse between persons or any other intrusion, however slight, of any party of a person's body ." Because each of these offenses includes an element that the other does not, "sexual contact" is not a lesser-included offense of "sexual intercourse."

Mr. Sweeney next claims that the statute criminalizing the sexual assault of a child and the statute defining "sexual contact" and "sexual intercourse" are unconstitutionally ambiguous. A criminal statute must describe an offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983). The statute must give fair notice of its elements to those who may potentially be charged under that statute: "The underlying principle is that no person shall be held criminally responsible for conduct which one could not reasonably understand to be proscribed." *Server v. Mizell*, 902 F.2d 611, 613 (1990).

I agree with the magistrate judge that the statutory definitions of "sexual contact" and "sexual intercourse" are clear. That they are similar does not make them ambiguous. The definitions in *Wis. Stat.* § 948.01(5) explicitly describe, in graphic detail, the conduct required for each act. Furthermore, as I said above, each act requires different elements. I believe that an ordinary person is able to understand the meanings of, and the differences between, these definitions. *See Server*, 902 F.2d at 613–14 (holding that the Illinois statutory definitions of sexual penetration and sexual conduct cover "clearly distinct" conduct and that therefore the statute was not unconstitutionally vague).

The petitioner's last claim is that the same Wisconsin statutes discussed above violate the Supremacy Clause of the United States Constitution, art. VI, cl. 2, because the Wisconsin legislature, without the permission of the United States Congress, changed the

definition of "sexual contact" to make it the same crime as "sexual intercourse." In examining whether a state law violates the Supremacy Clause, which requires that the "Authority of the United States shall be the Supreme Law of the Land," the court asks if "a state rule conflicts with or otherwise 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives' of the federal law," *Livadas v. Bradshaw,* 512 U.S. 107, 120, 114 S.Ct. 2068, 129 L.Ed.2d 93 (1994) (quoting *Brown v. Hotel & Restaurant Employees & Bartenders International Union, Local 54,* 468 U.S. 491, 501, 104 S.Ct. 3179, 82 L.Ed.2d 373 (1984)).

The petitioner apparently believes that the Wisconsin legislature needed to receive the permission of the United States Congress before including both sexual intercourse and sexual contact in the definition of first degree sexual assault of a child. The issue is not, however, one of permission; instead it is a question of whether the state statute conflicts with federal law. Other than a vague reference to due process and equal protection, the petitioner does not argue that the statutes conflict with any other federal law, and he cannot bootstrap his argument that the statutes violate other clauses of the Constitution into his argument that they violate the Supremacy Clause. Furthermore, Magistrate Judge Goodstein aptly pointed out that a state is free to assign its own criminal penalties, even if the analogous federal statute may treat the offenses differently.

Therefore, IT IS ORDERED that Mr. Sweeney's petition for a writ of habeas corpus be and hereby is denied.

IT IS ALSO ORDERED that this action be and hereby is dismissed, with prejudice.